Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 172.114.128.231,<br><br>            Defendant. | Case Number: 3:23-cv-00292-BTM-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX-PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |

1

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................1

II.    FACTS ....................................................................................................2

    A. BitTorrent Infringment has a Serious and Damaging Impact on Strike 3 .....2

    B. Plaintiff Brings Its Litigation in Good Faith ..................................................3

III.   ARGUMENT ...........................................................................................4

    A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant..................................................................................4

    B. There Is Good Cause for this Court to Grant Plaintiff's Application for Leave to Serve Its Subpoena ...................................................................................5

        1. Plaintiff Identifies Doe Defendant with Sufficient Specificity................5

            a. Plaintiff has Sufficiently Demonstrated that the Infringement Conducted Using the Relevant IP Address was Committed by an Actual Person .................................................................................6

            b. Plaintiff Traced Doe Defendant's IP Address to this Court's Geographic Jurisdiction Using Geolocation Technology...................6

        2. Plaintiff Has Identified All Previous Steps Taken to Locate the Unknown Doe Defendant..............................................................................8

        3. Plaintiff's Complaint Could Withstand a Motion to Dismiss...................8

        4. There is a Reasonable Likelihood that Plaintiff Can Identify the Defendant and Effectuate Service.........................................................11

    C. Protective Order ...........................................................................................12

IV.  CONCLUSION......................................................................................12

i

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

# **TABLE OF AUTHORITIES**

**Cases**

*808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*,

  2012 WL 1648838 (S.D. Cal. May 4, 2012) ........................................................6

*A&M Records, Inc. v. Napster, Inc.*,

  239 F.3d 1004, 1013 (9th Cir. 2001) ..............................................................10

*AF Holdings LLC v. Doe*,

  No. CV 12-04447 RMW, 2012 WL 12973140 (N.D. Cal. Nov. 6, 2012)...........6

*Ashcroft v. Iqbal*,

  556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) .................9

*Bell Atl. Corp. v. Twombly*,

  550 U.S. 544, 570 (2007) ....................................................................................9

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,

  No. CV 16-1972, 2018 WL 650316 (4th Cir. Feb. 1, 2018) ...............................11

*Braun v. Doe*, No. CV 12-3690 YGR (JSC),

  2012 WL 3627640 (N.D. Cal. Aug. 21, 2012) ....................................................7

*Brayton Purcell LLP v. Recordon & Recordon*,

  606 F.3d 1124, 1126 (9th Cir. 2010) ..................................................................9

*Cell Film Holdings, LLC v. Doe*,

  No. CV 16-2584-BEN (BLM), 2016 WL 6523432 (S.D. Cal. Nov. 3, 2016)......7

*Cobbler Nevada, LLC v. Doe-68.8.213.203*,

  No. CV 15-2729-GPC (JMA), 2015 WL 9026554 (S.D. Cal. Dec. 15, 2015) .....8

*Columbia Ins. Co. v. Seescandy.com*,

  185 F.R.D. 573, 577 (N.D. Cal. 1999) ..................................................... 4, 5, 7, 8

*Criminal Prods., Inc. v. Doe*,

  No. CV 16-02353-DMS (MDD), 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17,

  2016) ................................................................................................................10

ii

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

*Criminal Prods., Inc. v. Doe*,

   No. CV 16-2589 WQH (JLB), 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016).....7

*Criminal Prods., Inc. v. Doe-72.192.163.220*,

   No. CV 16-2589 WQH (JLB), 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016).....4

*Distinct Media Ltd. v. Doe Defendants 1-50*,

   No. CV 15-03312 NC, 2015 WL 13389609 (N.D. Cal. Sept. 29, 2015) ..............5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

   499 U.S. 340, 361 (1991) ...............................................................................9

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,

   No. CV 17-571, 2019 WL 1005829 (U.S. Mar. 4, 2019) ..................................10

*Fox Broad. Co., Inc. v. Dish Network L.L.C.*,

   747 F.3d 1060, 1067 (9th Cir. 2013)...................................................................9

*G.N. Iheaku & Co. Ltd. v. Does 1-3*,

   No. CV 14-02069 LB, 2014 WL 2759075 (N.D. Cal. June 17, 2014) .................6

*Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA),

   2016 WL 6216183 (S.D. Cal. Oct. 25, 2016)......................................... 4, 5, 6, 7

*Perfect 10, Inc. v. Giganews, Inc.*,

   847 F.3d 657, 666 (9th Cir. 2017)................................................................9, 10

*QOTD Film Inv. Ltd. v. Doe*,

   No. CV 16-00759-LAB (JLB), 2016 WL 1324424 (S.D. Cal. Apr. 5, 2016) ......5

*Semitool, Inc. v. Tokyo Electron America, Inc.*,

   208 F.R.D. 273, 274 (N.D. Cal. 2002) ............................................................4, 5

*Strike 3 Holdings, LLC v. Doe*, No. CV 17-2317-JAH (BLM),

   2017 WL 6389848, at *1 (S.D. Cal. Dec. 14, 2017) ............................ 4, 5, 7, 12

*Strike 3 Holdings, LLC v. Doe*,

   No. CV 3:17-02316-GPC (KSC), 2018 WL 324264 (S.D. Cal. Jan. 5, 2018) .....9

iii

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

*Strike 3 Holdings, LLC v. Doe*,

   No. 18-7188, 2020 WL 3967836, at \*6, 8 (D.C. Cir. July 14, 2020) .................11

*United States v. Richardson*,

   No. CR 4:11-3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012) ..............................7

*United States v. Tillotson*,

   No. CR 2:08-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008) .........................7

**Statutes**

17 U.S.C. § 106(1) .................................................................................................10

17 U.S.C. § 410(c) .................................................................................................10

28 U.S.C. § 1331 .....................................................................................................8

28 U.S.C. § 1338 .....................................................................................................8

28 U.S.C. § 1391(b) and (c) ....................................................................................9

28 U.S.C. § 1400(a) .................................................................................................9

**Rules**

Fed. R. Civ. P. 26(d)(1) .......................................................................................1, 4

Fed. R. Civ. P. 4(a) and (e) ...................................................................................11

**Other Authorities**

Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal

   Division Before The Committee On Judiciary Subcommittee On Crime,

   Terrorism, And Homeland Security United States House Of Representatives,

   (January 2011) at

   http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/

   25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-

   investigating-internet-child-pornography-and-other-internet-crimes.pdf.............2

iv

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

v

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Strike 3 Holdings, LLC

3  ("Strike 3") hereby respectfully submits this Memorandum of Points and

4  Authorities in support of its *Ex-Parte* Application for leave to serve a third-party

5  subpoena prior to a Rule 26(f) conference.

6  ## I.     INTRODUCTION

7      Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of

8  original, award winning motion pictures featured on its brand's subscription-based

9  adult websites. Unfortunately, Strike 3's success has led users on the Internet to

10 illegally infringe its works on a very large scale.  Indeed, Strike 3's motion

11 pictures are among the most infringed content in the world.  *See* Declaration of

12 David Williamson, ("Williamson Decl.") attached hereto as Exhibit "A."

13     Strike 3, using its proprietary forensic software, VXN Scan ("VXN"),

14 monitored and detected the infringement of Strike 3's content.  *See id.* at ¶ 40.

15 VXN discovered that Defendant's IP address was illegally distributing a large

16 number of Strike 3's motion pictures.  *See* Declaration of Patrick Paige, attached

17 hereto as Exhibit "B".  This IP address is assigned to Defendant by his or her

18 Internet Service Provider ("ISP"), which is the only party with the information

19 necessary to identify Defendant by correlating the IP address with John Doe's

20 identity. *Id*. at ¶ 22.  To investigate the infringement, Plaintiff needs the

21 subscriber's identity, which is maintained by the ISP, but the ISP cannot disclose

22 that information unless authorized to do so by a court order. *See* 47 U.S.C.

23 § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure

24 is . . . made pursuant to a court order authorizing such disclosure[.]").  As a result,

25 Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's

26 ISP, Spectrum (Spectrum) so that Plaintiff may learn Defendant's identity, further

27 investigate Defendant's role in the infringement, and effectuate service.  Further

28

1

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[1]

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II.   FACTS

### A.   BitTorrent Infringement has a Serious and Damaging Impact on Strike 3

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. Williamson Decl. at ¶ 13. Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015. *Id.*

Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 14. This success is no fluke. Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 15–17. Moreover, Strike 3's motion pictures are known for having some of the highest production budgets of any in the adult industry. *Id.* at ¶ 19.

---

[1] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

2

1    Because of this commitment to quality, the websites for the Brands have a

2  subscriber base that is one of the highest of any adult sites in the world.  *Id.* at

3  ¶ 20.  Strike 3 is also currently the number one seller of adult DVDs in the United

4  States.  *Id.* at ¶ 21.  Finally, Strike 3's content is licensed throughout the world,

5  including by most major cable networks.  *Id.* at ¶ 22.  This success has also been

6  marked by Strike 3 winning numerous awards, such as "adult site of the year,"

7  "best marketing campaign – company image," and "best cinematography."  *Id.* at

8  ¶ 23.

9    Unfortunately, piracy is a major threat and causes tremendous damage to

10  Strike 3.  To continue to provide value for members, exciting and inspiring

11  projects for adult performers, and to continue to create top paying jobs and growth

12  in the adult community, Strike 3 must protect its copyrights.  *Id.* at ¶ 39.

13    **B.    Plaintiff Brings Its Litigation in Good Faith**

14    Strike 3 is mindful of the nature of the litigation and its goal is to not

15  disclose publicly the choices that people make regarding the content they wish to

16  enjoy.  Moreover, Strike 3 does not seek to force anyone to settle unwillingly,

17  especially anyone that is innocent.  *Id.* at ¶ 33.  Therefore, Strike 3 only files

18  strong cases against extreme infringers.  *Id.* at ¶ 34.  Indeed, each lawsuit is

19  brought against infringers who not only engage in illegal downloading, but who

20  are also large-scale unauthorized distributors of Strike 3's content.  *Id.*  Strike 3

21  does not seek settlements unless initiated by a defendant or a defendant's counsel.

22  *Id.* at ¶ 35.  Additionally, Strike 3 does not send demand letters.  *Id.*  Finally,

23  although certainly Strike 3 does not believe anyone should be embarrassed about

24  their interests in viewing Strike 3's works (they just need to pay for that right, not

25  steal it), Strike 3 respects the desire of defendants to keep private their choices

26  regarding the content they choose to enjoy.  Accordingly, Strike 3 has a policy to:

27  (1) enter into confidentiality agreements with defendants to facilitate resolution of

28    3

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity.  Thus, Strike 3 is careful to only proceed to litigation with strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful and protective of a defendant's privacy interests.

Strike 3 is a successful adult entertainment company that makes nearly the entirety of its revenue from sales of subscriptions, DVDs and licenses.  *Id.* at ¶ 37. Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works.  *Id.*

## III.   ARGUMENT

### A.   Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant

Cases such as this one are the paradigm for when leave to conduct pre-Rule 26(f) conference discovery should be allowed. "Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f)." *Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183 at *1 (S.D. Cal. Oct. 25, 2016) (citing Fed. R. Civ. P. 26(d)(1)). "[H]owever, . . . courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Criminal Prods., Inc. v. Doe-72.192.163.220*, No. CV 16-2589 WQH (JLB), 2016 WL 6822186, at *1 (S.D. Cal. Nov. 18, 2016) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)).

"Courts in the Ninth Circuit apply the 'good cause' standard in deciding whether to permit early discovery." *Strike 3 Holdings, LLC v. Doe*, No. CV 17-2317-JAH (BLM), 2017 WL 6389848 at *1 (S.D. Cal. Dec. 14, 2017) (citing

4

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 274 (N.D. Cal. 2002)).  "Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'"  *QOTD Film Inv. Ltd. v. Doe*, No. CV 16-00759-LAB (JLB), 2016 WL 1324424 at *1 (S.D. Cal. Apr. 5, 2016) (quoting *Semitool*, 208 F.R.D., at 275–76).

> District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court. Second, the plaintiff must describe all previous steps taken to locate the elusive defendant to ensure that plaintiff has made a good faith effort to identify the defendant. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss.

*Strike 3 Holdings*, No. CV 17-2317-JAH (BLM), 2017 WL 6389848 at *2 (citing *Columbia Ins. Co.*, 185 F.R.D. at 578–80) (internal quotations and citations omitted). "[T]he plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who actually committed the act."  *Malibu Media*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183, at *1 (internal quotation marks and citation omitted).

### B. There Is Good Cause for this Court to Grant Plaintiff's Application for Leave to Serve Its Subpoena

#### 1. *Strike 3 Identifies Doe Defendant with Sufficient Specificity*

When evaluating an application for leave to take early discovery "the Court examines whether the plaintiff has identified the defendants with sufficient specificity, demonstrating that each defendant is a real person or entity who would be subject to the Court's jurisdiction." *Distinct Media Ltd. v. Doe Defendants 1-*

*50*, No. CV 15-03312 NC, 2015 WL 13389609, at \*2 (N.D. Cal. Sept. 29, 2015) (citation omitted).  This factor implies two inquiries: whether the infringement can be traced back to an actual person and whether this Court has personal jurisdiction over that individual.

> **a.      Strike 3 has Sufficiently Demonstrated that the Infringement Conducted Using the Relevant IP Address was Committed by an Actual Person**

"A plaintiff may show that a defendant is a real person or entity by providing evidence of 'specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process.'" *Id.* (quoting *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. CV 14-02069 LB, 2014 WL 2759075, at \*2 (N.D. Cal. June 17, 2014)). Although the BitTorrent protocol contains some default and automatic functions, none of these operations can take place without human interaction. That is, but for Defendant directing his or her BitTorrent client to download the torrent file, the alleged infringement would not have occurred.

> **b.      Strike 3 Traced Doe Defendant's IP Address to this Court's Geographic Jurisdiction Using Geolocation Technology**

"[A] plaintiff identifies Doe defendant[] with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." *Malibu Media*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183 at \*2 (quoting *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, 2012 WL 1648838, at \*4 (S.D. Cal. May 4, 2012)).  Here, Strike 3 used Maxmind, a geolocation technology, to trace Defendant's IP address to a geographic area within this Court's personal jurisdiction.  *See* concurrently-filed Declaration of Emilie Kennedy.  This establishes "a prima facie showing of

6

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

1   personal jurisdiction over defendant." *AF Holdings LLC v. Doe*, No. CV 12-

2   04447 RMW, 2012 WL 12973140, at *2 (N.D. Cal. Nov. 6, 2012); *see also Braun*

3   *v. Doe*, No. CV 12-3690 YGR (JSC), 2012 WL 3627640, at *2 (N.D. Cal. Aug.

4   21, 2012) (noting that "[p]ublicly available software provides basic, or at least

5   presumptive, geographic information about IP addresses")) (citation omitted).

6          This Court has accepted Maxmind's findings for the purpose of allowing

7   expedited discovery. *See e.g.*, *Strike 3 Holdings*, No. CV 17-2317-JAH (BLM),

8   2017 WL 6389848, at *2; *Cell Film Holdings, LLC v. Doe*, No. CV 16-2584-BEN

9   (BLM), 2016 WL 6523432, at *2 n.2 (S.D. Cal. Nov. 3, 2016), *Criminal Prods.,*

10  *Inc. v. Doe*, No. CV 16-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal.

11  Nov. 18, 2016) ("The Court concludes that based on the timing of the IP address

12  tracing efforts employed by Plaintiff's investigator, the documented success of the

13  Maxmind geolocation service, and Plaintiff's counsel's efforts to independently

14  verify the location information provided by Plaintiff's investigator, Plaintiff has

15  met its evidentiary burden [that jurisdiction is proper].").  Indeed, federal law

16  enforcement relies on Maxmind for its cyber investigations. *See e.g., United*

17  *States v. Tillotson*, No. CR 2:08-33, 2008 WL 5140773, at *6 (E.D. Tenn. Dec. 2,

18  2008) (Department of Justice); *United States v. Richardson*, No. CR 4:11-3116,

19  2012 WL 10382 at *2 (D. Neb. Jan. 3, 2012), *report and recommendation*

20  *adopted*, No. CR 4:11-3116, 2012 WL 395509 (D. Neb. Feb. 7, 2012) (Federal

21  Bureau of Investigation); *see also* Complaint at ¶ 9.  Since Strike 3 has

22  demonstrated that the infringer is an actual person, and because Strike 3correlated

23  this IP address with a location within this Court's jurisdiction using proven and

24  reliable geolocation technology, this factor favors expedited discovery.

25

26

27

28

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

*2.*      *Strike 3 Has Identified All Previous Steps Taken to Locate the Unknown Doe Defendant*

"Next, Plaintiff must identify all previous steps taken to identify the Doe Defendant in a good faith effort to locate and serve it." *Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183 at *2 (citing *Columbia Ins. Co.*, 185 F.R.D. at 579).  Here, Strike 3 has diligently attempted to correlate Defendant's IP address to Defendant by searching for Defendant's IP address on various web search tools, including basic search engines like www.google.com. Strike 3 has further conducted its own diligent research on its ability to identify Defendant by other means by reviewing numerous sources of authority, most of which have been discussed above (*e.g.*, legislative reports, agency websites, informational technology guides, governing case law, etc.).

Strike 3 has also discussed the issue at length with computer investigators and cyber security consultants.  Strike 3 has been unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet.  "This is the case because although publicly available data allowed Plaintiff to identify the specific ISP used by Defendant as well as the city associated with the IP address, it did not permit Plaintiff to ascertain the identity of the subscriber or actual defendant. Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringement in a good faith effort to locate Defendant." *Cobbler Nevada, LLC v. Doe-68.8.213.203*, No. CV 15-2729-GPC (JMA), 2015 WL 9026554, at *2 (S.D. Cal. Dec. 15, 2015).  Thus, Strike 3 has exhausted all other alternatives for identifying Defendant.

*3.*      *Strike 3's Complaint Could Withstand a Motion to Dismiss*

Finally, Strike 3's Complaint could and would withstand a motion to dismiss.  This factor acts as a gatekeeper designed to "prevent abuse of this

8

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *Columbia Ins. Co.*, 185 F.R.D. at 579–80 (citation omitted).

As this is an action for copyright infringement, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). *See* Complaint at ¶ 7; *see also Strike 3 Holdings, LLC v. Doe*, No. CV 3:17-02316-GPC (KSC), 2018 WL 324264, at *3 (S.D. Cal. Jan. 5, 2018) (finding "the Complaint correctly alleges subject matter jurisdiction pursuant to Title 28"). This Court also has personal jurisdiction over Defendant because Defendant's infringement took place within the geographic scope of this Court's jurisdiction, *supra* Section B.1.b., and Defendant also likely resides within this District or at least has substantial contacts with this District. *See* Complaint ¶¶ 8–9. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) and (c) as well as 28 U.S.C. § 1400(a) (venue for copyright cases). *See* Complaint ¶ 10; *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction").

Finally, "[t]o survive a motion to dismiss [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Strike 3's Complaint would survive such a motion.

To make a prima facie claim for copyright infringement, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S.

9

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

340, 361 (1991). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citing *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013)).  Strike 3's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Complaint at ¶¶ 35–37.

Strike 3 owns a valid copyright in the Works, which are registered with the United States Copyright Office.  *See* Complaint at ¶¶ 31–33; *see also* 17 U.S.C. § 410(c); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, No. CV 17-571, 2019 WL 1005829, at *5 (U.S. Mar. 4, 2019).  Strike 3's prima facie allegations of infringement are attested to by Strike 3's investigator, David Williamson.  *See* Williamson Decl.  Finally, each digital file has been verified to be a copy of one of Strike 3's copyrighted works.  *See* concurrently-filed Declaration of Susan Stalzer.

Strike 3 has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).  Strike 3's Complaint alleges that Doe Defendant not only downloaded Strike 3's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Complaint at ¶ 38.  Additionally, by downloading the torrent files, Defendant triggered a cascade of technical operations, making Defendant the "proximate cause" of all of the violations of Plaintiff's copyrights.  *Giganews,*

10

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

1   *Inc.*, 847 F.3d at 666.  Indeed, "a court could reasonably infer that someone with

2   prolonged, continuous access to this IP address was responsible for the alleged

3   infringement."  *Strike 3 Holdings, LLC v. Doe*, No. 18-7188, 2020 WL 3967836,

4   at *6, 8 (D.C. Cir. July 14, 2020) (reversing dismissal for failure to state a claim).

5         As a result, Strike 3 has made a prima facie case against Defendant and thus

6   demonstrated good cause for leave to take early discovery.  *See Criminal Prods.,*

7   *Inc. v. Doe*, No. CV 16-02353-DMS (MDD), 2016 WL 6070355, at *3 (S.D. Cal.

8   Oct. 17, 2016) (accepting a similar prima facie case as satisfying this factor).

9             **4.**       ***There is a Reasonable Likelihood that Strike 3 Can Identify***

10                 ***the Defendant and Effectuate Service***

11         Strike 3's knows that Spectrum is the owner of Defendant's IP address

12   because Maxmind's geolocation service has identified Spectrum as the owner.

13   S*ee BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. CV 16-1972, 2018

14   WL 650316, at *2 (4th Cir. Feb. 1, 2018) (noting "only the ISP can match the IP

15   address to the subscriber's identity"). The subpoena seeks Doe Defendant's name

16   and address, which are currently unknown to Plaintiff.  With Defendant's identity,

17   Plaintiff will be able to amend its complaint to name Doe Defendant[2] and with

18   said name and address, will be able to serve a summons upon Defendant pursuant

19   to Fed. R. Civ. P. 4(a) and (e) (requiring Plaintiff to name the Defendant and

20   effectuate service on that individual).  Without the subpoenaed for information,

21   Strike 3 cannot properly serve Doe Defendant because it does not know his or her

22   identity.

23

24         [2] As set forth in Section II(B) above, Strike 3 has a policy to, upon request,

25   allow defendants to proceed anonymously in these cases.  Moreover, as set forth in Section III(C) below, Strike 3 does not oppose courts at the outset putting in

26   place orders to protect a defendant's privacy interests.  Thus, if Strike 3 does decide to proceed in this matter with the filing of an amended complaint, it would

27   most likely being done so under seal pursuant to an order issued on request by the defendant or based on an order already in place by the Court, as suggested below.

28                                    11

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL

C.     **Protective Order**

In BitTorrent cases involving adult content, Courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously.  *See e.g., Strike 3 Holdings*, No. CV 17-2317-JAH (BLM), 2017 WL 6389848 at *3–4; *Strike 3 Holdings, LLC v. Doe*, No. 18-12585 (NLH)(JS), 2020 WL 3567282 (D.N.J. June 30, 2020).  As set forth above, Strike 3 agrees and this comports with Strike 3's policy of respecting privacy in these matters.  Thus, should the Court find such procedures to be appropriate, Strike 3 would not oppose them being established in this action and in facts welcomes these procedures.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant to Plaintiff leave to issue a Rule 45 subpoena to Defendant's ISP.

Date: 02/21/2023                         Respectfully submitted,

By: _____
Lincoln Bandlow, Esq.
**Law Offices of Lincoln Bandlow, P.C.**

*Attorney for Plaintiff*
Strike 3 Holdings, LLC

12

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:23-cv-00292-BTM-DDL